237 P.2d 812

**FOLEY v. INDUSTRIAL COMMISSION OF ARIZONA et al.**

No. 5390.

Supreme Court of Arizona.
Nov. 19, 1951.

George T. Wilson and Minne & Sorenson, all of Phoenix, for petitioner.

Robert E. Yount, of Phoenix (Donald J. Morgan, Phoenix, of counsel), for respondent, Industrial Commission of Arizona.

STANFORD, Justice.

By certiorari, we are asked to review the action of respondent Industrial Commission of Arizona in awarding petitioner, Jack C. Foley, the sum of $121.76 monthly until the further order of the commission, based upon a 60% loss of earning power.

The undisputed facts are these: Petitioner, in July of 1942, sustained a physical injury to his back by an accident arising out of and in the course of his employment as a rock-crusher foreman with the Arizona-Vinnell-United Constructors. At the time of the accident, the employer was insured against liability by the commission under the Workmen's Compensation Act. A.C.A.1939, § 56–901 et seq. Petitioner underwent two operations on his spine and received many examinations and various treatments, all of which failed to react favorably upon his disabled condition. Findings issued by the commission show petitioner entitled to certain benefits to May 31, 1950, all of which have been paid and are not in issue here. At the time the commission made this award to petitioner, he was found to be suffering from a 100% loss of earning power, only 60% of which was attributable to the injury. The commission therein also made the finding "that the employee had a previous disability".

Petitioner submits five assignments of error, in substance alleging that the commission, in making its final award, erred in finding that petitioner was suffering from a physical disability prior to the above mentioned accident and that only 60% of his 100% loss of earning power was attributable to the injury received thereby.

Upon careful examination of the record of this case we are unable to find a spark of evidence to support the commission's finding that petitioner had a previous disability. The record is replete with uncontradicted testimony and other evidence that petitioner was engaged in full time heavy duty labor for a period of some eight or ten years prior to the injury complained of. And indeed the evidence is clear that his occupation was of a most strenuous nature and there is nothing to show that he labored under a restriction of any kind. The commission relies heavily upon the report of an examination conducted by Dr. Frissell in September of 1942, wherein it appears that petitioner related having experienced similar pain following a strain some ten years previous. The reports also indicate that the symptoms completely left after two months time. This in no manner establishes a previous disability nor does it appear that this remote earlier happenstance contributed in any way to petitioner's

present condition. We think it too well settled to necessitate the citing of authority that this court may set aside awards of the commission where the record contains no substantial evidence to support the findings upon which the award is based.

In light of the foregoing, and also the commission's finding that petitioner is now suffering a 100% loss of earning power, we are unable to find support in the record for the further finding that the physical injury of July, 1942, resulted in only a 60% loss of earning power by petitioner.

Award set aside.

UDALL, C. J., and PHELPS, DE CONCINI and LA PRADE, JJ., concur.